# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

ELLA GEORGINA PEAVLER,       )
                                   )
        Plaintiff,         )
                                   )
v.                            )        Case No. CIV-11-139-RAW
                                   )
THE CITY OF CHECOTAH, OKLAHOMA,)
                                   )
        Defendant.     )

## ORDER

       Before the court is the motion of the defendant for summary judgment. The standard

applicable to such a motion is set forth in Rule 56(a) F.R.Cv.P. The court must examine the

record and all reasonable inferences that might be drawn from it in the light most favorable

to the non-moving party. *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte County,* 546

F.3d 1299, 1306 (10th Cir.2008).

       Plaintiff brings claims for constitutional violations through the federal vehicle of 42

U.S.C. §1983[1] and also brings state law claims pursuant to the Oklahoma Governmental Tort

Claims Act. All claims arise out of an incident on April 16, 2010, in which plaintiff was

driving her husband's truck (allegedly quite slowly and erratically) near the Wal-Mart store

in Checotah. The truck was forcibly stopped by the police (by means of breaking a window

and placing the gear shifter in park) after plaintiff's alleged refusal to voluntarily stop.

---

[1]"Although section 1983 creates a cause of action for violations of constitutional rights, it is solely
a procedural statute which does not itself grant any substantive rights." *Garcia v. Wilson,* 731 F.2d 640, 650
(10th Cir.1984).

The court finds genuine issues of disputed facts as to the purported violations themselves and will not grant the motion on that ground. Summary judgment is appropriate, however, on another ground. A municipality may not be held liable under §1983 solely because its employees inflicted injury on the plaintiff. *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010). Rather, a plaintiff must show (1) the existence of a municipal policy or custom, and (2) that there is a direct causal link between the policy or custom and the injury alleged. *Id.* The court in *Bryson* lists five examples of such policy or custom. *Id.*

In the case at bar, plaintiff has presented no evidence which might prove the existence of a municipal policy or custom, let alone any direct causal link.[2] As plaintiff as failed to prove necessary elements of her federal claims, summary judgment shall be granted as to those claims.

Therefore, only plaintiff's state-law claims remain. The Tenth Circuit holds that generally if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Brooks v. Gaenzle,* 614 F.3d 1213, 1229 (10th Cir.2010). This court elects to do so in this case.

_____

[2]On page 11 of her (unnumbered) response (#33), plaintiff cites her own affidavit as stating that the City's policy or custom of excessive force without probable cause caused her injury. The affidavit does not in fact make such an averment, and in any event such an assertion would be without personal knowledge.

It is the order of the court that the motion of the defendant for summary judgment (#26) is hereby GRANTED as to plaintiff's claims under §1983. Plaintiff's state-law claims are dismissed without prejudice.

**ORDERED THIS 23rd DAY OF JANUARY, 2012.**


**Dated this 23rd day of January, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma